IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID WAYNE JOHNSON                                        PLAINTIFF

v.                                   CIVIL NO. 12-2053

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  ECF No. 15.  The Defendant has filed a response to said motion, voicing no objection to the hourly rate or number of hours requested.  ECF No. 17.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this Order.

**I.      Background:**

Plaintiff, Michael Peevy, appealed the Commissioner's denial of benefits to this court.  On March 5, 2013, an Order was entered remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 14.

On, May 8, 2013, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $2,653.80, representing a total of 13.70 attorney hours for work performed in 2012 and 2013 at a rate of $174.00 per hour

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

and 3.60 paralegal hours at an hourly rate of $75.00.  ECF No. 16-2.  On May 16, 2013, the

Defendant filed a response voicing no objections to Plaintiff's request for fees.  ECF No. 17.

II.    **Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  The

Commissioner filed the Motion to Remand initiating the remand in this case, and has voiced no

objection to an award of fees in this matter.  The court construes this action and lack of

opposition to the award of a reasonable fee as an admission that the government's decision to

deny benefits was not "substantially justified."  Therefore, we find plaintiff to be a prevailing

party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion

of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42

U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1)

was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,*

535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99

Stat. 186 (1985).

To permit a fee award under the EAJA, assuming, of course, that the necessary standard

is met, in addition to that allowed by the district court out of a claimant's past-due benefits does

no more than reimburse the claimant for his or her expenses and results in no windfall for the

attorney. *Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985).  Furthermore, awarding

2

fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker*, 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Allen v. Heckler*, 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood*, 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). The EAJA further requires an attorney seeking fees to submit "an itemized statement . . stating the actual time expended and the rate

3

at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index.

## III.   Discussion:

In the present action, Plaintiff's case was remanded to the SSA. Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, and does not object to an award of reasonable attorney fees in this case. ECF No. 17. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests that attorney fees be paid at a rate of $174.00 per hour for work performed in 2012 and 2013. This hourly rate is authorized by the EAJA because the rate

4

requested does not exceed the CPI for either year.  Therefore, this Court finds that Plaintiff is entitled to an hourly rate of $174.00 per attorney hour.

Plaintiff has also requested compensation for paralegal time at the rate of $75.00 per hour.  Again, Defendant does not object to this hourly rate.  ECF No. 17.  Accordingly, we find $75.00 per hour for paralegal work to be a reasonable rate.  *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

In addition, we have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 16-1.  The Defendant has not objected to the number of hours for which counsel seeks a fee award.  Accordingly, we find the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.  Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $2,653.80, representing 13.70 attorney hours in 2012 and 2013 at a hourly rate of $174.00 and 3.60 paralegal hours at an hourly rate of $75.00.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff.  However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**IV.   Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$2,653.80** pursuant to the EAJA, 28 U.S.C. § 2412.

AO72A
(Rev. 8/82)

Dated this 8th day of August 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

6